in the middle I guess. Welcome to the first day of this sitting by this panel. I'll call the first case of the morning. United States v. Vermont. I'm going to do this, Clark. Looks like Ms. Race gets to go first. Thank you, Your Honors. My name is Deborah Race, and I am here on behalf of Jermon Clark, defendant appellant. I was actually appointed to represent Mr. Clark over ten years ago in a 2255 based on Miller v. Alabama. The judge in this case actually appointed me. We were not successful. However, I got to know Mr. Clark, a bit about his story and to appreciate the fact that the law that I'm arguing under now and the developing law applies to Mr. Clark. I've been doing this a long time and I don't recall ever offering to help a defendant like this before. I am here pro bono on behalf of Mr. Thank you for your participation. You're welcome, Your Honor. Mr. Clark filed the motion for compassionate release. I believe he showed extraordinary and compelling reasons. One of those was his extreme youth. Mr. Clark's birthday was actually October 7th, just a few short weeks before this crime was committed. He had just turned 15. As time has developed since Mr. Clark's sentencing, the courts, including the Supreme Court, the experts, psychologists, a whole slew of others have recognized that the juvenile mind is different. At barely 15, he was the youngest of these three involved in this crime. I am not here to tell you this was not a horrific crime. Judge Gilstrap recognized that, as did the sentencing judge, Judge Folsom. I think if you look at, and I'm going to get to a couple of other things regarding consistent with Commission pronouncements, but the Commission has recently also written that the sentencing policies established should reflect advancement in the knowledge of human behavior as it relates to criminal justice. They have also expressly stated that a downward departure may be warranted due to a defendant's youthfulness. They have recognized that youthful individuals are more impulsive, risk-seeking, susceptible to outside influences. I say this applies to Mr. Clark. As the court knows in the facts of this case, this was a carjacking murder. Mr. Clark did not participate in the actual crime. I don't disagree there. They recognize it. Did he enter a guilty plea or did he go to trial? He entered a guilty plea. He also, Your Honor . . . Did he testify or get a 5K or anything of that sort in connection with the guilty plea? I don't recall specifically. I'll look at that. I do know that when he was sentenced, he was remorseful. They talked at length. He was a 15-year-old kid. They talked at length about how outstanding he was in the juvenile detention. I also would submit that we presented the judge with a lot of evidence of his rehabilitation. This man during prison has definitely made use of what was offered to him. He has obtained several degrees. He participates in the Suicide Watch Program. He also participates in a mentorship program to help other troubled youth avoid this consequence. He knows now. He said at the time he regretted his involvement. The other point that I think demonstrates extraordinary and compelling reasons is Mr. Clark would have received a lesser sentence if he were sentenced today. There is a lot of debate in the briefs about my argument that the juvenile charge of indecent exposure should not have applied. Since these briefs were filed, the public defender has filed another motion on behalf of Mr. Clark for a reduction under the new laws. The government has acknowledged that his sentence would be less today. He would not get the two status points for being on probation. The actual sentence that we are talking about in our brief and then in the other motion are the same, yet they filed an extensive opposition to his motion. In addition to having to show extraordinary and compelling reasons, we have to also show that this is consistent with the Commission policy statements. It is more than consistent. The Sentencing Commission has issued several edicts and policy statements recognizing that the courts can consider rehabilitation. Is it alone enough? No, but these factors are considered in the aggregate. In the aggregate . . . Are you arguing that these collectively constitute a legal error or simply that they are persuasive and further support granting the compassionate relief? I think there was a legal error, but not based on . . . This, I think, is this together the court committed an error in considering them in isolation and not in the aggregate. The Sentencing Commission says that you have to consider all of the factors. The other thing I think the district judge got wrong, and I'll get to that, but he basically said that the sentencing judge considered Mr. Clark's youth. That's an error right there because the sentencing judge did not have the advantage of all of the law and all of the developments. That is, again, the Sentencing Commission has instructed that we have to consider those. We have to consider the developments in the law. The whole point of this is to give someone a second look. It's a second look today. You're looking at Mr. Clark today. What Judge Folsom saw when he saw that fifteen-year-old boy and the fact that he took into account his age can't change the fact Judge Folsom didn't have the benefit of all of this. He didn't have the benefit of the development of the psychological studies and the law and the Sentencing Commission and the Supreme Court and everything else. So I would submit to the court that yes, there were legal errors made, but I also think overall it is what the judge said, it is supportive of the compassionate release.  Thank you again for your commitment to your client. I was on the district court for sixteen and a half years and these are relatively rare where you . . . and it's somewhat rewarding when someone takes advantage of an opportunity to improve themselves with education, vocational training and so on, such as the record here reflects, but in the end, how can we . . . if the standard is an abuse of discretion, what would be your best argument that the district judge abused his discretion in denying this motion wholly conceding that one or more of us may agree with you? Are we still within the realm of the district court's discretion? How do we address the standard? I think you can get there, Your Honor, because I think where the court really failed was in the court's analysis of the 3553A factors. If you read the court's opinion, the court had two main things in his opinion. One was what I've already talked about, that the sentencing judge already considered his youth. If you read the opinion, he says it over and over and over. That's not looking at the case as instructed now under the 3553A factors. The sentencing judge was physically impossible, mentally impossible from considering all of the developments in that law as instructed by the Sentencing Commission, advancement in knowledge of human behavior. They expressly talk about surrounding youthful individuals, including recognition of the age crime curve. I think the district judge in his own opinion tells you that he considered this . . . he denied this because Judge Folsom already considered Mr. Clark's youth. He says he already considered his rehabilitation. That's impossible. I was asking the district judge to consider it today, not what Judge Folsom considered over thirty years ago. The district court wholly failed, in my opinion, to consider who he is today. He did comment on the good deeds he had done in prison and encouraged him to continue. Mr. Clark, okay, first of all, he would be serving a lesser sentence. That's agreed. The government admits that. If that's the case, then how can the second prong be true? The judge basically said, I can't lower this decision because it wouldn't reflect the seriousness of the crime, wouldn't deter others. I submit that the sheer fact everyone now agrees that his sentence would be less should satisfy that requirement. I don't know how it couldn't. What is his anticipated release date? Assuming that there's no relief from this court, what is it? Let me think. I think he would be sixty-one and he's, I think, forty-four. When I get up on rebuttal, I'll tell you, but I'm saying it's over ten or twelve years, I think. Fifteen and eighteen years, we would say. Something like that. Yes, Your Honor. I do think, again, the sheer fact that the court basically said it wouldn't support finding that this was a serious crime, it wouldn't deter others. I just don't see how that's possible. Mr. Clark has already served over thirty years. The average sentence for murder last year was around twenty-four years, so he's served more. I don't accept the deterrence argument or the seriousness of the crime. Yes, it was serious. Nobody's denying that, but to me, my strongest argument based on Your Honor's questions would be that the district court failed to accurately consider the 3553A factors. I think of the three things that we are supposed to show, the compelling and extraordinary need for this relief. I think we've shown that. I think we've shown that it's all consistent with the policy statements by the Sentencing Commission. Then you get to the court's discretion. The court can override it with the 3553A factors. That's what I think he missed. He couldn't say that the district court considered Mr. Clark and all he's accomplished in his thirty years in prison. One other thing I would point out to you is what we attach to the motion in the district court. There were multiple letters from people within the prison system, including a Dr. Callis, who was the prison psychologist, who noted in there that he hasn't done anything like this except one other time he wrote a letter on behalf of an inmate. He said he would have no problem with Mr. Clark being out. He feels like he has been rehabilitated and he would be a good public citizen. I'm certainly not here to say I believe Judge Folsom said he wouldn't be an old man when he was released. No, but right now he is at a point in time where I can see he could make a huge difference. He is already working towards mentoring young people to avoid his fate. He actually was originally, when I first was appointed to represent him, was in Santa Cruz, which is nice. He asked to be transferred to Terminal Island because they had a more aggressive suicide watch program and other things that he wanted to participate in. He actually was transferred to Beaumont, but he is now in Terminal Island. But again, Your Honors, I would just urge you please to look at this record. I know that it rests with the sound discretion of the district judge, but I submit that in this case, I believe the judge abused his discretion. Did the court have an evidentiary hearing in connection with the motion or was it submitted on paper? It was . . . You sent a letter that was sent . . . It was submitted on paper. Yes, Your Honor. Thank you very much. Thank you. Good morning, Your Honors. Counsel Bradley Visosky for the government. There is a lot of discussion in the briefs and in the argument this morning about Mr. Clark's youth at the time of this offense, and we certainly recognize that. He was 15 years old. I would just also point out that the victim here was 16 years old and did not have an opportunity for rehabilitation. Counsel, let me ask you one of the things Ms. Ray said, looking at Judge Gilstrap's, Chief Judge Gilstrap's, maybe . . . Correct. . . . writings. In both the original order and the motion reconsideration order, he does talk about the youth is one reason I'm raising with you now. The youth and other such factors, related factors, were considered by the sentencing judge. To indicate he already got a lesser sentence, he already had the benefit of some of what you're now raising with me, Counsel, for Mr. Clark, but isn't at least some indication that Judge Gilstrap was not looking at the present status so much as saying, I'm not evaluating this. I'm finding that Judge Folsom evaluated this already. I'm not reconsidering the 3553A package. I think he gave due deference to Judge Folsom's consideration, but I also think that Judge Gilstrap looked at it afresh, Your Honor. If you look at page . . . in the record 659, Judge Gilstrap recognized youth and he recognized, as Counsel puts it, the developments in the law and the social science about youth, and he recognized that juveniles are different from adults. Juveniles lack impulse control. They're easily influenced by peer pressure, and they're more impetuous. I mean, I would submit that none of that is very revolutionary. I mean, from the beginning of time, people realized those types of things about juveniles, and Judge Folsom did as well. I mean, he said when he went into the sentencing, he dreaded doing it because of the horrific facts of the case. True, but also because of Mr. Clark, and he was 15, and that weighed on him, and that's part of the reason he had a range of 360 months to life and why he chose a sentence on the carjacking count of 540 months. So, I don't think it's fair for Mr. Clark to say that either Judge Folsom or Judge Gilstrap did not consider youth. It was certainly addressed and recognized. But also, Mr. Clark points out, especially in his motion for reconsideration, and again in the briefing, that the amendments that were effective November 1st, 2023, should apply. But based on those amendments and the policy statement of 1B113, there is now a policy statement that addresses defendant-filed motions when previously there wasn't. So, you can't just say youth is an extraordinary and compelling reason in the abstract. You have to peg it to something in the policy statement, and Mr. Clark never does that. And I would submit that none of the subsections, it's 1B113, 1 through 6, address youth. They address the opposite of youth in subsection 2 of someone of advanced age at 65 years, but not only 65 years, but you also have to have a serious debilitating medical condition. Youth is not one of those factors, and it's also contrary to how this Court has authoritatively construed the compassionate release statute in the United States v. Escoheta. And there, the Court explained that extraordinary and compelling reasons have to be something, some sort of severe exigency that was not foreseeable, not known at the time of sentencing. And of course, Mr. Clark's youth was a fact that was known at the time of sentencing. And another case that this Court joined in Escoheta, United States v. Hunter, it's a Sixth Circuit case. It also dealt with this issue of youth as a potential extraordinarily compelling reason. And there, the Sixth Circuit found that the District Court had erred in finding that the facts that existed at sentencing, one of those facts was the defendant's relative youth was an error. So the District Court recognized youth all over the place. And so one of the other so-called changes in the law that Mr. Clark raises, and we have to distinguish between what counsel pointed out in his recent 3582C2 motion based on the so-called change in the law that is briefed in this appeal. And there, we do concede, I mean, it's clear that he's eligible under the status points amendment. But we do argue that the Court should exercise its discretion along the lines that it did in its order below based on the 3553A factors, and it should deny relief. But as for the so-called change in the law that is briefed in this appeal, that involves the indecent exposure conviction. And we're arguing about one point in the criminal history calculation. And in 1994, the guideline is exactly the same as it is today, and that's 4A1.2D2B, where you add a point for each adult or juvenile sentence imposed within five years of the defendant's commencement of the incident offense. And the indecent exposure conviction occurred in 1993, the same year that this murder occurred. So there is no change there. And then Mr. Clark points to 4A1.2C1, and there is debate in the briefing of whether indecent exposure falls within the listed offenses. Just assuming for the sake of argument that it does, at the time of sentencing, the applicable guideline said that sentences for the following prior offenses, and this is 4A1.2C1, sentences for the prior offenses and offenses similar to them by whatever name they are known are counted only if A, the sentence was a term of probation of at least one year. And here it's clear, it's undisputed that Mr. Clark's indecent exposure conviction was for, or his sentence was for probation for a year. So there's no dispute that the sentence was correctly calculated. What Mr. Clark points to is a 2007 amendment that changes that language of at least one year to a year or more. But the problem for him is that that amendment was not made retroactive. If you look in 1B1.10D, Amendment 709, which made that change, is not found there. And by the way, in the current guideline, the current policy statement, 1B1.13B6, it expressly says that a nonretroactive amendment to the guidelines manual does not count as an extraordinary and compelling reason. And so even under the current guidelines, that cannot count as an extraordinary and compelling reason. And so what we're left with at the end of the day, and Judge Gilstrap again, he had a thorough 18-page order. He didn't brush it off when Mr. Clark filed a motion for reconsideration some number of months later. He again issued a thoughtful order on the reconsideration. But going back to his original order, he assumed, he said even taking as true Clark's assertion that he would have received a lower sentence of sentence today, the court remains persuaded that the controlling 3553A factors weigh against compassionate release. And this court has said over and over again in cases like Chambliss and Thompson and most recently in the Gene case, which is a subject of dispute, but even the panel majority in Gene recognize that where a district court thoroughly engages the arguments, evaluates them, and comes to a decision, this court gives wide latitude to the district court's discretion. Under circumstances here, it's virtually, it would seem unchallengeable because Judge Gilstrap considered everything that the parties presented to him. You know, he too knew that, you know, this was a 15-year-old kid that had and have made remarkable strides in prison. And there's no, you know, we say this in briefs, you know, an inmate's behavior in prison, though commendable, you know, we don't say that lightly, at least I don't when I write those, that it truly is impressive that someone looking at this sort of bleak future changes their life around. And their victory is won. And God bless them. But we believe that Judge Gilstrap was correct here and certainly did not abuse his discretion that given the seriousness of this crime, the sentence was appropriate and he should serve it, taking everything into consideration. He has to look at the respect for the law, the seriousness of the crime, to protect society, and for just punishment. Are you in effect saying Judge Gilstrap could have gone either way? I'm sorry? Are you saying Judge Gilstrap could have gone either way without being reversed? Uh, I don't think so on the extraordinary and compelling calculus, Your Honor, because I don't see, there has to be some gateway under the compassionate release statute to even consider rehabilitation, given Congress's command that rehabilitation alone can't be an extraordinary and compelling reason. And I don't see here how he would get there. You know, you take youth, and as I talked about, youth is not under the current policy statement and in fact never has been an extraordinary and compelling reason. You look at the changes in the law under the current guideline, as I explained earlier, because it's a non-retroactive guideline amendment, it is not an extraordinary and compelling reason for the sentencing commission. Now, what he could do is, in the current 3582C2 motion, because that gateway is there now, because Mr. Clark is eligible under the status points amendment, so now it's up to Judge Gilstrap to evaluate the 3553A factors. And yes, in that circumstance, he could, Your Honor, make a decision based on the facts as presented in this appeal. Anything else for us? Thank you, Your Honors. Appreciate it. Your Honors, just a couple of things. Let me ask you, do you agree with one of the comments the government counsel just made, that the district judge did consider everything in one of his two opinions that was presented to him? It's not that he overlooked something, you were disagreeing with how he evaluated it, or did he fail to address some particular piece of evidence, for example, that you presented to him? I think he failed to address Mr. Clark's youth. He acknowledged his youth. I mean, certainly he talked about it a lot. You said he talked about it in the wrong terms. Well, what he said was, if you look even at his conclusion, he basically says that the sentencing court considered his youth. He says in his conclusion that he has not demonstrated extraordinary and compelling reasons, and that even assuming he would, which the counsel read, that he would have a different sentence today, the sentencing court already considered those reasons. It already took into account his rehabilitation. My point is, Judge Gilstrap, nowhere in his opinion . . . yes, he says this all has occurred, these changes have occurred, but nowhere in his opinion does he really analyze Mr. Clark's youth in light of today's developments, and all of that is what the sentencing commission says he should do. I would also like to point out that counsel says in the new motion that's still pending before Judge Gilstrap, they concede that he would be entitled to relief. However, in their response, they argue the exact same reasons that Mr. Clark should not get that relief. They say the 3553A factors don't support it, and that's what I argue does support it. I just don't think Judge Gilstrap, I think if you read his opinion, I don't think he's considering all of this in light of the present day, and it's not that I disagree with what his final decision is, but to say that Mr. Clark, that sentencing judge took his youth into account and sentenced him accordingly is apples and oranges from today's developments. The sentencing commission, one of the other comments made was that there's nothing in there about youth. 5H1.1 says a downward departure may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. All of the offenses in Mr. Clark's sentence occurred when he was 15 or younger. There was a lot in the brief of my argument and their response that the indecent exposure should not even have been included. If that wasn't included, then not only does that point fall off, the other two for probation fall off, but now, and I understand what he's saying, he's saying we've got different motions. That's true, but the reality is Mr. Clark was entitled and is entitled to a lesser sentence. They agree he's eligible for the other relief, but they want it denied for the very same reasons, and for the reasons I'm here today, I'll be back if that's what happens, Your Honors. I would just encourage you to read Judge Gilstrap's opinion carefully in light of the current law and rule that he abused his discretion, and I would welcome an evidentiary hearing if he would hold one for Mr. Clark. For those reasons, we would ask that this Court reverse the decision of Judge Gilstrap. Thank you, Your Honors. Thank you. Thanks to both of you. It's commendable you're handling this pro bono, and we thank you for your help.